IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. SCHNELLER, et al., Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 06-0698 |
| CROZER CHESTER MEDICAL CENTER, et al., Defendants | : | |

| | | |
|---|---|---|
| JAMES D. SCHNELLER, et al., Plaintiffs | : | CIVIL ACTION |
| v. | : | NO. 08-1479 |
| CROZER CHESTER MEDICAL CENTER, et al., Defendants | : | |

## MEMORANDUM

STENGEL, J.                                                                 March 19, 2009

Almost four years after the death of his elderly mother on March 31, 2002, James D. Schneller and allegedly four other plaintiffs[1] filed a *pro se* action against several

---

[1] These plaintiffs include: (1) Heirs and beneficiaries of Marjorie C. Schneller, by James D. Schneller, trustee *ad litem*; (2) Estate of Marjorie Schneller, by and through James D. Schneller, trustee *ad litem*; (3) Marjorie Zitomer, executrix of the Estate of Marjorie Schneller (Miss Zitomer is Mr. Schneller's sister and also a defendant in this action); and (4) Estate of George H. Schneller, by and through personal representative James D. Schneller. The Third Circuit noted: "Schneller filed his complaint *pro se*. He also purports to represent other persons and entities. Although Schneller is entitled to represent himself *pro se*, he 'may not appear *pro se* in the cause of another person or entity.'" Schneller, et al. v. Crozer Chester Medical Center, et al., 276 Fed. Appx. 169, *170 n.1 (3d Cir. 2008). Accordingly, I will refer to Mr. Schneller as the sole plaintiff.

defendants[2] whom he claims are legally responsible. The genesis of the case appears to be medical and legal malpractice as a result of the allegedly negligent services rendered to Mr. Schneller's parents during the last few months of their lives. In fact, in the paragraphs introducing ten of the twelve defendants, the plaintiff indicates that "this action is an action in professional liability and intentional tort against this defendant." See Compl. ¶¶ 5-9, 15-16. The only exceptions are in the paragraphs for his brother and sister. Id. ¶¶ 10, 11. I dismissed the case based on lack of jurisdiction before service was perfected. See Schneller, et al. v. Crozer Chester Medical Center, et al., No. 06-0698, 2006 U.S. Dist. LEXIS 21053, *7-8 (E.D. Pa. April 18, 2006). On appeal, the Third Circuit Court of Appeals vacated the dismissal holding that the plaintiff should have been given an opportunity to amend his complaint. Schneller, et al. v. Crozer Chester Medical Center, et al., 276 Fed. Appx. 169, *171 (3d Cir. 2008). It appears that the court's holding prompted the plaintiff to open a new case with the identical complaint, rather than amend the previously filed complaint. See Civil Action No. 08-1479.

The defendants have filed motions to dismiss the latter case. Because the two cases are identical, I will construe these motions as applying to both cases, grant them in their entirety, and dismiss both cases.

---

[2] The twelve defendants include: (1) Crozer Chester Medical Center t/b/a Taylor Hospital and Crozer Keystone Health System; (2) Herman McGill, M.D.; (3) Suburban Pulmonary Medicine; (4) Daniel Dupont, D.O.; (5) E. Heffelfinger, D.O.; (6) Gerald Meis, D.O.; (7) Gurpreet Kockar, M.D.; (8) Lalitha Gurijala, M.D.; (9) Marjorie Zitomer; (10) Richard Schneller (the plaintiff's brother); (11) T. Sergeant Pepper, Esq.; and (12) Hepburn, Wilcox, Hamilton and Putman, LLP.

## I. <u>BACKGROUND</u>

In October 2004, Mr. Schneller began a series of actions against these defendants in the Courts of Common Pleas of the Counties of Delaware, Chester, and Montgomery. The cases were dismissed through entries of judgment *non pros* for failure to file Certificates of Merit as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure. Mr. Schneller unsuccessfully attempted to re-open the cases and/or strike the judgment of *non pros*. He then appealed the cases to the Pennsylvania Superior Court which affirmed without an opinion the entries of judgment. The Pennsylvania Supreme Court denied his petitions for allowance of appeal. Finally, the United States Supreme Court denied the plaintiff's petitions for writ of *certiorari*.

The seventy-eight (78) page complaint contains five-hundred fifty-three (553) paragraphs purporting to provide the basis of the plaintiff's twenty-nine (29) claims:

| | | |
|---|---|---|
| Count 1A | – | Violation of the Assisted Suicide Funding Restriction Act of 1997 |
| Count 1B | – | Civil Action for Deprivation of Rights |
| Count 1C | – | Conspiracy to Interfere with Civil Rights – Depriving Persons of Rights and Privileges |
| Count 1D | – | Conspiracy to Interfere with Civil Rights – Obstructing Justice and Intimidating Parties – Battery |
| Count 1E | – | Neglect to Prevent Deprivation of Rights and Conspiracy for Deprivation of Rights – Failure to Warn |
| Count 2 | – | Breach of Contract |
| Count 3 | – | Breach of Contract |
| Count 4 | – | Fraudulent Inducement of Contracts |
| Count 5 | – | Breach of Confidential Relationship, Fiduciary Relationship and Fiduciary Duty |
| Count 6 | – | Wrongful Death |
| Count 7 | – | Survival |
| Count 8 | – | Intentional Tort – Abuse of Power of Attorney |

| | | |
|---|---|---|
| Count 9 | – | Intentional Tort – Abuse of Advance Health Care Directive |
| Count 10 | – | Negligence *Per Se* (violation of sixty-five state and federal statutes) |
| Count 11 | – | Battery |
| Count 12 | – | Battery – Lack of Informed Consent |
| Count 13 | – | Product Liability |
| Count 14 | – | Survival – Negligent and Intentional Infliction of Emotional Distress |
| Count 15 | – | Survival – Conspiracy |
| Count 16 | – | Survival – Punitive Damages |
| Count 17 | – | Professional Negligence – Medical |
| Count 18 | – | Professional Negligence – Attorney |
| Count 19 | – | Slander and Libel |
| Count 20 | – | Fraud and Intentional Misrepresentation |
| Count 21 | – | Conspiracy |
| Count 22 | – | Negligent and Intentional Infliction of Emotional Distress |
| Count 23 | – | Breach of Fiduciary Duty |
| Count 24 | – | Tortious Interference with Present and Prospective Economic Advantage |
| Count 25 | – | Punitive Damages |

Mr. Schneller also alleges violations of various Long Term Care Facility regulations, including: 42 C.F.R. § 483.10, 42 C.F.R. § 483.13, 42 C.F.R. § 483.15, and 42 C.F.R. § 483.25.[3] See Compl. ¶ 24.

There are three (3) groups of related defendants,[4] each of which have filed a motion to dismiss with substantially similar arguments. Accordingly, I will address these motions in concert.

---

[3] These provisions "contain the requirements that an institution must meet in order to qualify to participate as a [skilled nursing facility] in the Medicare program, and as a nursing facility in the Medicaid program. They serve as the basis for survey activities for the purpose of determining whether a facility meets the requirements for participation in Medicare and Medicaid." 42 C.F.R. § 483.1(b). These regulations do not confer a private right of action. Accordingly, they provide no basis for jurisdiction pursuant to 28 U.S.C. § 1331.

[4] An exception to this is Defendant Kockar who has not filed a motion to dismiss.

## II. STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations must be sufficient to make the claim for relief more than just speculative. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim. Conley, 355 U.S. at 47. Rather, the Rules require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id. The "complaint must allege facts suggestive of [the proscribed] conduct." Twombly, 550 U.S. at 555. Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The claim must contain enough factual matters to suggest the required elements of the claim or to "raise a reasonable expectation that discovery will reveal evidence of" those elements. Phillips v.

County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 555).

A case may be also dismissed under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter. . . ." FED.R.CIV.P. 12(h)(3). Alternatively, a court choosing not to grant a motion to dismiss for lack of subject matter jurisdiction may, under Rule 12(e), grant a motion for a more definitive statement if "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. . . ." FED.R.CIV.P. 12(e).

Moreover, courts must liberally construe *pro se* complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). Thus, a plaintiff's complaint, however inartfully pleaded, must be held to a less stringent standard than a formal pleading drafted by an attorney. Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. DISCUSSION

The defendants argue that the case should be dismissed because this court does not have subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and they may only decide cases as authorized by Congress or the Constitution. District courts have subject matter jurisdiction over federal questions pursuant to 28 U.S.C. § 1331, in which

6

Congress grants courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Federal courts also have subject matter jurisdiction over cases where there is complete diversity of citizenship among the parties and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs" pursuant to 28 U.S.C. § 1332(a).[5] The requirement of complete diversity means that "jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state." Menan Co. v. Atl. Mut. Ins. Co., 147 F.3d 287, 290 (3d Cir. 1998) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).

When a motion to dismiss for lack of subject matter jurisdiction is before a court, "the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of litigation." Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1045 (3d Cir. 1993). This burden is applicable to cases based on diversity jurisdiction as well, and in such cases a plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met. Quaker State Dyeing & Finishing Co., Inc., v. ITT Terryphone Corp., 461 F.2d 1140, 1143 (3d

---

[5] Title 28 U.S.C. § 1332(a) provides: The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between: (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a state or of different states.

Cir. 1972) (citing McSparran v. Weist, 402 F.2d 867, 875 (3d Cir. 1968)).

Here, the plaintiff and eleven defendants are residents of Pennsylvania. There is clearly no diversity of citizenship. Thus, jurisdiction cannot be based on 28 U.S.C. § 1332. The defendants, however, also argue that the complaint fails to present a federal question sufficient to confer jurisdiction. Federal question jurisdiction exists in one of two circumstances: (1) where federal law creates the cause of action; or (2) where the complaint poses a substantial federal question. Sodi v. Discover Financial Services, 2004 U.S. Dist. LEXIS 24133, *8 (E.D. Pa. 2004). Here, the plaintiff's alleged bases for federal question jurisdiction fall into two categories: (1) alleged violations of federal statutes and regulations; and (2) alleged civil rights violations.

Mr. Schneller cites several federal statutes and regulations throughout his complaint. Of the twenty-nine counts contained in the complaint, however, only five counts attempt to set forth federal causes of action. The first count alleges a violation of the Assisted Suicide Funding Restriction Act of 1997, 42 U.S.C. § 14401, *et seq*. See Compl. ¶¶ 95-107. The defendants argue that this Act does not create a private right of action, and thus cannot provide the basis for jurisdiction. I agree.

If Congress intends to create a private cause of action under a federal statute, then federal courts should find a private cause of action under the given statute. Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15 (1979). Congress' intent is determined by examining "the language or structure of a statute or the circumstances of

its enactment." Id. "[W]hether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." Id. If the language of the statute expressly gives a remedy then courts should be wary when they are requested to add an additional remedy that is not expressly provided for in the statute. Id.

The structure and language of this Act do not show any intent by Congress to establish a private cause of action. The purpose of the Act is "to continue current federal policy by providing explicitly that federal funds may not be used to pay for items and services (including assistance) the purpose of which is to cause (or assist in causing) the suicide, euthanasia, or mercy killing of any individual." 42 U.S.C. § 14401(b). Mr. Schneller claims that jurisdiction is proper under this Act because many of the defendants applied funds appropriated by Congress for the purpose of paying for the provision of health care services, federal funds under certain grant programs including Medicare and Medicaid, and federal advocacy grants, to pay for, provide and contribute to payment or coverage, for health care items and service furnished for the purpose of causing, and for the purpose of assisting in causing, the death of Marjorie C. Schneller, by euthanasia, mercy killing and assisted suicide. See Compl. ¶ 17. Mr. Schneller's assertion is contrary to law.

The rationale for the enactment of this statute is to prevent federal funds from being used for the criminal and unlawful purpose of assisted suicide. See 42 U.S.C.A. § 14401 (a)(2). There have never been any criminal charges in connection with the care

and treatment of Marjorie Schneller, and the claims that the defendants engaged in some type of mercy killing are unfounded. Further, no court has found that Title 42 U.S.C. § 14401, *et seq.*, creates a private cause of action. Thus, the Assisted Suicide Funding Restriction Act cannot form the basis of subject matter jurisdiction.

The next four counts in the complaint allege the deprivation of civil rights pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Because they contemplate a private cause of action, these statutes provide subject matter jurisdiction to the court. Counts 1B, 1C, 1D, and 1E set forth the plaintiff's civil rights claims against the defendants for alleged violations of his mother's rights guaranteed by the Fourteenth Amendment to the United States Constitution. Count 1B contains allegations that the defendants deprived Mrs. Schneller of life, liberty, and property by enforcing her advanced health care directive over Mr. Schneller's objection and causing her death. See Compl. ¶¶ 108-129. Count 1C claims that the defendants conspired to deprive Mrs. Schneller of rights and privileges including "freedom of speech, freedom to write and communicate, right to locomotion, family interaction, rights to legal representation, to meaningful family visits, and right to choose her daily regimen and health program." See Compl. ¶¶ 130-155. Count 1D alleges that the defendants "conspired for the purpose of impeding, hindering, obstructing, and defeating the due course of justice enjoyed by citizens, with the intent to deny plaintiffs the equal protection of the laws," and that these acts constituted causes of action for obstruction of justice, criminal assault, and criminal maiming. See Compl. ¶¶

156-173. Finally, Count IE alleges that the defendants, "having knowledge that any and all of the wrongs conspired to be done, as enumerated in this complaint, were about to be committed, and having power to prevent or aid in preventing the commission of the same, neglected or refused so to do." See Compl. ¶¶ 174-182.

The Fourteenth Amendment to the U.S. Constitution provides that "no State shall...deprive any person of life, liberty, or property, without due process of law..." U.S. Const., Amend. 14, §1. The protections of the Fourteenth Amendment do not extend to private conduct abridging individual rights, no matter how unfair that conduct may be. National Collegiate Ath. Ass'n v. Tarkanian, 488 U.S. 179 (1988). It is the duty of this court to ensure that the Fourteenth Amendment is invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001); Edmonson v. Leesville Concrete Co., 500 U.S. 614, 632 (1991); Blum v. Yaretsky, 457 U.S. 991 (1982). If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action "under color of state law" for Section 1983 purposes. Brentwood Acad., 531 U.S. at 295 (citing Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982)).

Title 42 U.S.C. §1983 authorizes redress for violations of constitutional rights and provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory,

11

> subjects, or causes to be subjected, any citizen of the United
> States or other person within the jurisdiction thereof to the
> deprivation of any rights, privileges, or immunities secured by
> the Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper proceeding
> for redress.

42 U.S.C. §1983. By its terms, Section 1983 does not create a substantive right; it merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. Baker v McCollan, 43 U.S. 137 (1979). In order to establish a claim under Section 1983, a plaintiff must demonstrate (1) a violation of a right secured by the Constitution and the laws of the United States and that (2) the alleged deprivation was committed by a person acting under color of state law. American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40 (1999).

Here, Mr. Schneller fails to satisfy these requirements. Although a private party may cause a deprivation of a constitutional right, it is subjected to liability under Section 1983 only when it does so under color of law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978). Section 1983 excludes from its reach "merely private conduct," no matter how discriminatory or wrongful. American Mfrs. Mut. Ins. Co., 526 U.S. at 50. The actions alleged here were not performed under color of state law, and the defendants are not and cannot be considered state actors.

Mr. Schneller argues, however, that the defendants "operated under a state-created system permitting private parties to substitute their judgment for that of a state official and invoked state power." See Compl. Count 1B. He also alleges that some of the

defendants receive federal funds. Id. These allegations do not establish that the defendants were acting "under color of law" or were state actors. The traditional exclusive governmental function test requires that a private entity exercise powers traditionally and exclusively reserved to the State, such as holding an election or eminent domain. Wolotsky v. Huhn, 960 F.2d 1331, 1335 (6th Cir. 1992). The provision of hospital services is not a traditional public function exclusively reserved for the State. Shannon v. Shannon, 965 F.2d 542, 547 (7th Cir. 1992) (hospital care is not an exclusive prerogative of the State).

When analyzing the exclusive government function test, the Supreme Court has held that the receipt of public funds and the performance of a function serving the public, alone, are not enough to make a private entity a state actor. Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982); Black, et al. v. Indiana School District, 985 F.2d 707, 710-11 (3d Cir. 1993) (a school bus driver is not performing an exclusive government function, even though paid by the state and performing a service for the public). The fact that hospitals and nursing homes may be extensively regulated and may receive financial support from the government through Medicaid and Medicare does not make them state actors. Blum, 457 U.S. at 1011. In Blum, the Supreme Court flatly rejected the argument that the State's payment of more than 90% of nursing home patients' medical expenses and the licensing of nursing homes does not create a symbiotic relationship between the state and nursing homes. Additionally, the vast majority of Courts of Appeals have determined that

the recipient of federal construction funding, Medicare and Medicaid funds, and the existence of tax exemption, as well as state licensing requirements for non-profit hospitals, do not constitute state action under 42 U.S.C. § 1983. See Hodge v. Paoli Memorial Hospital, 576 F.2d 563 (3d Cir. 1978) (citing Schlein v. Milford Hospital, Inc., 561 F.2d 427 (2d Cir. 1977); Greco v. Orange Memorial Hospital Corporation, 513 F.2d 873 (5th Cir.), cert. denied, 423 U.S. 1000 (1975); Jackson v. Norton-Children's Hospitals, Inc., 487 F.2d 502 (6th Cir. 1973), cert. denied, 416 U.S. 1000 (1974); Doe v. Bellin Memorial Hospital, 479 F.2d 756 (7th Cir. 1973); Briscoe v. Bock, 540 F.2d 392 (8th Cir. 1976); Watkins v. Mercy Medical Center, 520 F.2d 894 (9th Cir. 1975); Ward v. St. Anthony Hospital, 476 F.2d 671 (10th Cir. 1973)).

Accordingly, the receipt of federal funding is not determinative of state action. Private entities are not transformed into state actors by the simple provision of funds. Because Mr. Schneller cannot establish state action, he cannot establish a cause of action under 42 U.S.C. § 1983 or related statutes, which provide a necessary conduit through which the plaintiff might recover for alleged federal rights violations perpetrated against him. Accordingly, I will dismiss Counts 1B, 1C, 1D, and 1E.

If these federal claims were properly before me, they would still fail as untimely. Although Rule 12(b) does not explicitly permit the assertion of a statute of limitations defense by a motion to dismiss, the so-called "Third Circuit Rule" allows a defendant to assert a limitations defense in a Rule 12(b)(6) motion "if 'the time alleged in the

statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Zankel v. Temple University, 245 Fed. Appx. 196, 198 (3d Cir. 2007) (citing Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002)). Because these federal statutes do not set forth a specific statute of limitations, the claims are subject to Pennsylvania's two-year statute of limitations. City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 124 (2005) (where a plaintiff relies upon federal statutes in asserting a claim, and those statutes do not contain a specific provision regarding the time within which an action may be brought, federal courts apply the statute of limitations governing suits for personal injury in which the action arises); Wilson v. Garcia, 471 U.S. 265, 275 (1985); see also Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (actions arising under Sections 1983, 1985 and 1986 are subject to the statute of limitations prescribed for personal-injury actions in the state in which the relevant events occurred). Pennsylvania's personal injury statute of limitations is two (2) years. Vojtasek v. Diocese of Allentown, 916 A.2d 637, 640 (Pa. Super. 2006); 42 Pa.C.S.A. § 5524(2). The death of Marjorie Schneller is a discreet and identifiable event, and the statute of limitations on any claims arising from her death or any of the alleged events that precipitated her death, began to arise on March 31, 2002. This action was commenced on February 16, 2006, almost four (4) years later, and is thus untimely by two (2) years. Accordingly, Mr. Schneller's federal claims would be time-barred if they were properly before me.

Finally, the plaintiff claims that jurisdiction exists pursuant to 42 Pa.C.S. § 5535.

15

Title 42 Pa.C.S. § 5535(1) provides: "If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding." The plaintiff claims that this statute supplies jurisdiction because his prior civil action docketed at 06-cv-0698 was terminated by the court, and a new action was timely commenced. Mr. Schneller's reliance on this statute is misplaced. Title 42 Pa.C.S. § 5535(2) specifically provides that "paragraph (1) does not apply to an action to recover damages for injury to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." Accordingly, in this wrongful death action, jurisdiction cannot be based on 42 Pa.C.S. § 5535.

Mr. Schneller also claims that the court has supplemental jurisdiction over his remaining state law claims pursuant to 28 U.S.C. § 1367(a), which provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The state law claims in this complaint substantially predominate over the § 1983 claims. See 28 U.S.C. § 1367(c)(2). The federal claims over which the court had

jurisdiction will be dismissed. 28 U.S.C. § 1367(c)(3). Accordingly, I decline to exercise supplemental jurisdiction over the state law claims in this case.

I note that if the state law tort claims were properly before me, however, they would still be dismissed as untimely. The plaintiff and eleven of the twelve defendants are residents of Pennsylvania, and all relevant events in this case arose in Pennsylvania. It is well established that a federal court shall apply Pennsylvania substantive law and federal procedural rules to the resolution of state law claims. See Erie Railroad Company v. Tomkins, 304 U.S. 64 (1938)). Accordingly, Pennsylvania law governs the disposition of the plaintiff's state law tort claims. In Pennsylvania, the applicable two-year statute of limitations provides that: "The following actions and proceedings must be commenced within two years:

> (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.
>
> (2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
>
> (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof. . . .
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

Title 42 Pa. C.S.A. § 5524. Thus, under § 5524(2), because the case was filed almost

four (4) years after Mrs. Schneller's death, the plaintiff's state law claims arising from her death or the care she received in the months preceding her death would also be time barred.

In conclusion, while the plaintiff attempts to bring federal claims in combination with his predominant state law claims, the federal claims will be dismissed for lack of subject matter jurisdiction and for failure to state a claim. In the alternative, if the federal claims were properly before me, they would be dismissed as untimely. Finally, I decline to exercise supplemental jurisdiction over the state law claims, most of which are also untimely.[6]

An appropriate Order follows.

---

[6] Any breach of contract claims in this complaint would be timely because under Pennsylvania law, an action for breach of contract is subject to a four (4) year statute of limitations. Pa.C.S.A. § 5525. Mrs. Schneller died on March 31, 2002, and the earlier of these two cases was filed on February 16, 2006, over a month within the statute of limitations. Because I decline to exercise supplemental jurisdiction, this point is moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. SCHNELLER, et al., <br> Plaintiffs | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | NO. 06-0698 |
| CROZER CHESTER MEDICAL <br> CENTER, et al., <br> Defendants | : <br> : <br> : | |

| | | |
|---|---|---|
| JAMES D. SCHNELLER, et al., <br> Plaintiffs | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | NO. 08-1479 |
| CROZER CHESTER MEDICAL <br> CENTER, et al., <br> Defendants | : <br> : <br> : | |

## O R D E R

AND NOW, this 19th day of March, 2009, upon consideration of the defendants' motions to dismiss filed in Civil Action No. 08-1479 (Documents #24, 27, 35), the plaintiff's responses thereto (Documents #43, 44, 45), the defendants' reply brief (Document #48), and after a status hearing with all parties present, it is hereby ORDERED that the motions are GRANTED in their entirety.

IT IS FURTHER ORDERED that all remaining motions in these cases are DENIED as moot. The Clerk of Court is directed to mark both of these actions CLOSED for all purposes.

BY THE COURT:

_____
LAWRENCE F. STENGEL, J.